**In re Ray L. OVERSTREET, Casey Circuit Court Clerk.**

**No. 91–SC–596–OA.**

Supreme Court of Kentucky.

Jan. 21, 1993.

As Amended Jan. 21, 1993.

Rehearing Denied April 22, 1993.

## OPINION AND ORDER

This is an original proceeding in this Court which requires Ray L. Overstreet, Casey County Circuit Court Clerk, to show cause why he should not be removed from office or otherwise disciplined pursuant to Section 114(3) of the Kentucky Constitution for reasons alleged in a report by the Auditor of Public Accounts for the Commonwealth of Kentucky.

The question to be determined is whether certain deficits or other reported alleged improprieties in the office of Ray L. Overstreet resulted from the improper handling of state funds or were part of a series of transactions that constituted improper handling of state funds.

On June 25, 1991, Overstreet was ordered to appear before the Supreme Court of Kentucky on August 20, to show cause why he should not be removed from office or otherwise disciplined. In an order entered August 29, the Court determined that it was necessary to receive evidence in order to resolve the matter, and a Special Commissioner was appointed to receive evidence and file a report, including findings of fact, conclusions of law and recommendations.

The Kentucky Constitution Section 114(3) states in pertinent part that clerks of the circuit court shall be removable from office by the Supreme Court for good cause shown. No other penalty is provided by the Constitution. K.R.S. 30A.010–.250 imposes certain duties on circuit clerks including the K.R.S. 30A.080 requirement of maintaining proper records, the K.R.S. 30A.120 and .200 requirements of depositing monies promptly in a state depository bank, and the K.R.S. 30A.205 requirement of maintaining an appropriate bank account accruing interest for the Commonwealth of Kentucky, to be paid to the State Treasury as are other monies due the State. We must conclude that the operation of the Casey Circuit Clerk's office violates these statutory standards. It is the responsibility of the clerk to remit the public funds even if he employs another person to perform certain bookkeeping and ministerial duties for the office.

The principal evidence is the 1991 report of the Auditor of Public Accounts regarding the responsibilities of the Casey Circuit Clerk for the fiscal year ending June 30, 1990. The audit found violations of the statutes and the Administrative Office of the Courts accounting manual consisting of 1) a deficit of $27,211.00, $5,074 of which had accumulated in the last fiscal year; 2) a failure to deposit receipts intact to the bank in a timely fashion; 3) a failure to record and remit to the State $9,039 in interest dating back to 1984; 4) a failure to maintain payable ledger cards; and 5) a failure to prepare bank reconciliations.

For his defense, Overstreet seeks to shift responsibility for the problems of the circuit clerk's office to AOC. Overstreet made full restitution without contesting the amount although he challenged the propriety of the proceedings to remove him. The testimony of Overstreet's Chief Deputy and wife, Nina Overstreet, established that she had some years of experience in handling money in several public offices and had served as Special Tax Commissioner for Casey County sheriffs beginning in 1970 when her husband was first elected to that post and continuing until 1990.

The clerk must assume responsibility for his office. He or she cannot attempt to transfer responsibility to any other person or entity. The evidence in this case indicates that the AOC provided sufficient educational opportunities and materials to Overstreet in order to enable him to know how to properly fulfill his legal responsibilities. There is evidence that Overstreet and his wife attended several of the educational presentations made by the AOC. Testimony also indicated that the manuals provided for circuit clerks are written in a clear and easily understood language so that following the directions of the manual are relatively simple. We believe that there was sufficient educational and training opportunities provided for or available to Overstreet. There was also considerable evidence that the AOC provided assistance when requested from Overstreet.

Although the 1991 audit was the first to which the Casey Circuit Clerk's office had been exposed since Overstreet assumed office in 1976, this does not excuse the failure to report or properly handle state funds in the amount of $27,211.

It is the responsibility of the circuit clerk to comply with the statutes of this Commonwealth. Failure to do that will subject the Clerk to removal from office for good cause shown.

We believe that Ray L. Overstreet has failed to properly discharge the duties imposed upon him as Circuit Clerk of Casey County as detailed in K.R.S. 30A.010–.250. Among the deficiencies are the failure to maintain proper records, the failure to deposit monies intact promptly into a state depository bank and the failure to maintain an appropriate bank account accruing interest which is to be paid to the State Treasury. We find that Ray L. Overstreet has not provided a reasonable explanation for the deficiencies. Therefore, we find that good cause exists for removing Ray L. Overstreet, Clerk of the Casey County Circuit Court, from office for the remainder of his present term and he is now so removed. Section 114(3) Kentucky Constitution. The Office of Clerk of the Casey County Circuit Court is declared vacant. Ray L. Overstreet must pay the costs of these proceedings.

STEPHENS, C.J., and LEIBSON, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS and REYNOLDS, JJ., would impose a suspension of six months.

LAMBERT, J., not sitting.

ENTERED January 21, 1993.

/s/ Robert F. Stephens
Chief Justice